### HITCHCOK *v.* FLAGG.

BECK, J. The evidence authorized the verdict, and the court did not err in refusing to grant a new trial.

> *Judgment affirmed. All the Justices concur.*
> NOVEMBER 15, 1916.

Breach of contract. Before Judge Park. Baldwin superior court. December 11, 1915. ·(See 143· *Ga.* 379.)

*Allen & Pottle,* for plaintiff in error.

*Hines & Vinson* and *Sibley & Sibley,* contra.

---

### BANK OF HAMILTON *v.* WILLIAMS.

FISH, C. J. 1. The drawer of an ordinary check can revoke it at any time before the bank has paid it or committed itself to pay it; the bank is bound by notice of such revocation, orally or· in writing, and liable to the drawer to the amount thereafter paid on the check. 5 Cyc. 540; 2 Michie on Banks & Banking, § 139; 1 Morse on· Banks & Banking (4th ed.), § 398; Magee on Banks & Banking (2d ed.), § 208; Zane on Banks, § 153. In the few jurisdictions in which it is held that a check operates as a pro tanto assignment of the drawer's deposit, the rule is different. See authorities cited above. It has been held by this court that "An unaccepted check, drawn in the ordinary form, not describing any particular fund or using words of transfer of the whole or any part of any amount standing to the credit of the drawer, does not amount to an assignment at law or in equity of the money to the credit of the drawer." *Reviere* v. *Chambliss,* 120 *Ga.* 714 (48 S. E. 122).

2. The allegations of the petition, in view of the rule above announced, set forth a cause of action, and the general ·demurrer to the petition was properly overruled.

3. The evidence demanded the verdict directed by the judge in behalf of the plaintiff in the trial court.

> *Judgment affirmed. All the Justices concur, except Gilbert, J., disqualified.*
> NOVEMBER 15, 1916.

Complaint. Before Judge Gilbert. Harris superior court. December 30, 1915.

*A. L. Hardy,* for plaintiff in error.

*T. T. Miller* and *McLaughlin & Shanks,* contra.