POWELL, administrator, *v.* POWELL.

1. The admission of testimony by the claimant, given in response to questions propounded by his own counsel, relative to a transaction between himself and the intestate whose administrator was the opposing party, tending to establish a fact corroborative of the claimant's alleged title, was error.

2. The exceptions to the charge to the jury, on the ground that it unduly emphasized the contentions of the claimant and that it stated those contentions more fully and more elaborately than it did the contentions of the opposite party, are without merit. The character of the pleadings required a more lengthy and elaborate statement of the contentions of the claimant than of the other party.

3. As the case is to be tried again, no opinion is expressed as to the sufficiency of the evidence.

No. 2301. MAY 13, 1921.

Claim.  Before Judge Eve.  Worth superior court.  October 5, 1920.

*T. R. Perry* and *Williamson & Williamson,* for plaintiff.

*Passmore & Forehand, J. H. Tipton,* and *Claude Payton,* contra.

BECK, P. J.  Byrd Powell, as administrator of the estate of Nathan Powell, made and filed his application to the ordinary for an order granting him leave to sell a certain tract of land as the property of his intestate.  S. A. Powell interposed a claim in terms of the statute, alleging that he was the son of Nathan Powell; that his father had given him the land in question; and that he had moved upon it in his father's lifetime and made substantial and valuable improvements upon the same.  He also claimed that he had been in the exclusive possession of the land without payment of rent for the space of more than seven years, occupying, holding, and controlling the same as his own.  When the issue made by this claim came on for trial, after evidence submitted by both parties, the jury returned a verdict for the claimant.  The administrator made a motion for a new trial, which was overruled.

1. The original motion for new trial contains the usual general grounds that the verdict was contrary to the evidence, without evidence to support it, etc.  The first ground of the amendment to the motion assigns error upon the ruling of the court admitting certain evidence over objection of the movant.  While the claimant was on the witness stand and testifying in his own behalf, the following evidence was elicited by questions and answers: " Q.  Do you know whether or not your father ever placed this tract of land in any long loans?  A.  Yes, sir, three times.  Q.  When he did this, state whether or not you got your share?  A.  Yes, sir, I did.  Q.  Every time?  A.  Yes, sir." Counsel for the administrator objected to the admission of the evidence, upon the ground that the witness was incompetent to testify as to his transactions with his deceased father.  This objection was overruled.  The ruling of the court was error.  Section 5858 of the Civil Code contains the rule as to the competency of witnesses to testify; and subsection 1 of that section states an exception to the rule, and declares: " Where any suit is instituted or defended  .  .  by the personal representative of a deceased person, the opposite party shall not be permitted to testify in his own favor against the  .  .  deceased person, as to

transactions or communications with such . . deceased person."
Clearly the transaction to which the testimony of the claimant here
related was one between himself and his deceased father, and the
other party was the representative of the estate of the decedent.
Evidence had been introduced tending to show that the decedent
had paid taxes on the land after the date at which the claimant al-
leged it had been given to him; that the decedent had borrowed
money and mortgaged this land, and had done other acts indicating
an exercise by him of dominion over the land. Testimony was in-
troduced by the claimant explaining the payment of taxes by his
father, and the testimony quoted above would tend to explain in a
way favorable to the claimant the pledging of the land by his father
for money borrowed. He admits in the testimony objected to that
he knew that his father had effected loans upon this land, and by
himself gave testimony tending to efface the unfavorable effect of
this testimony by stating that though his father made use of this
tract of land to effect loans, when this was done claimant " got his
share," meaning, of course, that the amount of the loan raised by
pledging the land in question was paid over to him by his father;
or so the jury would probably have understood this testimony. Sub-
section 6 of section 5858 (supra) provides that in all cases where
the personal representative of the deceased party has introduced
a witness interested in the event of a suit, who has testified to
transactions or communications on the part of the surviving party
with a deceased party or agent, the surviving party may be exam-
ined in reference to such facts testified to by said witness. But up-
on a careful reading of the record we do not find that any witness
introduced by the administrator, who was interested in the event of
the suit, had testified as to a delivery or payment, or refusal to
make payment, by the father, of the money obtained as a loan on
the land in question. This testimony by the claimant was upon
a material point affecting the main issue; and the error requires
a reversal of the judgment refusing a new trial.

2. Exceptions to the charge and to lengthy extracts from the
charge containing a statement of the claimant's contentions, upon
the ground that those contentions were set forth more fully and
with greater clearness and emphasis than the contentions of the
opposite party, show no ground for a reversal of the judgment
refusing a new trial. The court stated to the jury that the docu-

mentary evidence in the case showed the title to be in the estate of the deceased father of the claimant, and that the burden was upon the claimant of establishing his contention that the father had made a gift of the land to him. The contentions of the administrator could be summed up in ,a few words, and were summed up in the statement that until evidence was introduced showing that the estate of the administrator's intestate had been divested of title, the presumption was in · favor of the estate; and this statement of the law was necessarily followed by a summary of the contentions of the claimant as to how he had become vested with the title.

3. Inasmuch as the judgment refusing a new trial is reversed and the case remanded for another trial, no opinion is expressed as to whether the evidence was sufficient to authorize the verdict, nor as to the sufficiency of the evidence to authorize a charge upon the subject of exclusive possession by a child of land belonging originally to the father, without payment of rent, for the space of seven years.

*Judgment reversed. All the Justices concur.*