19627. GRIMES, administrator, *v.* ELLIOTT.

STEPHENS, J. 1. This being a suit by Mrs. Rosa Elliott against S. B. Grimes, administrator of the estate of H. L. Ridgeley, to recover money which the plaintiff alleges was due her by the defendant's intestate, and there being evidence to the effect that the defendant's intestate had acted as agent for the plaintiff in supervising and conducting a farm belonging to the plaintiff, that the defendant's intestate, a few days prior to his death, stated that a certain deposit of money which he had made in a bank represented money which he as agent had collected and that it belonged to the plaintiff, that the defendant's intestate, a few days prior to his death, drew a check on the bank, payable to the plaintiff, in a blank sum, and authorized the plaintiff to fill the blank in a sum representing the amount of money which the plaintiff should ascertain was at the time on deposit in the bank to the credit of the defendant's

intestate, that the defendant's intestate had on deposit in the bank a designated sum of money, which the bank, after the death of the defendant's intestate, refused to pay to the plaintiff as payee named in the check, the inference is authorized that the estate of the defendant's intestate is indebted to the plaintiff in the sum which the defendant's intestate had on deposit in the bank at the time of his death. The verdict found for the plaintiff in this amount was authorized by the evidence.

2. Where, upon the trial, the presiding judge, in several separate portions of the charge, clearly instructed the jury that the defendant denied that the money on deposit in the bank belonged to the plaintiff, an instruction at the close of the charge, that, if the jury should find for the plaintiff, the form of the verdict should be " 'We, the jury, find for the plaintiff'—whatever sum of money—and it has been admitted $420.10 remained in the bank belonging to her, if you find that it did belong to her," is not subject to the objection that it had the effect of instructing the jury that it had been admitted that this sum of money in the bank belonged to the plaintiff. This portion of the charge, when taken by itself and in connection with the other instructions indicated, could have been understood by the jury only as an instruction that it had been admitted that the sum of money which remained in the bank was in the amount of $420.10, and is not subject to the objection that it instructed the jury that it had been admitted that the money in the bank belonged to the plaintiff.

3. The court properly overruled the defendant's motion for a new trial.

Judgment affirmed. Jenkins, P. J., and Bell, J., concur.

DECIDED JANUARY 23, 1930.

*McCutchen, Bowden & Gaggstatter,* for plaintiff in error.
*George C. Palmer,* contra.