### 21910. FOSTER LUMBER COMPANY *v.* SYKES.

STEPHENS, J. 1. This being a suit to recover of the defendant upon his alleged obligation on a check made payable to the plaintiff and which had not been paid, where the defendant pleaded that the check had been given by him in consideration of an option to purchase the capital stock in a railroad, that the defendant was induced to buy the option by alleged false and fraudulent representations respecting the character and physical condition of the railroad made by an alleged agent of the plain-

tiff, that the defendant, immediately upon the discovery of the fraud, countermanded payment of the check and rescinded the contract for fraud, that the plaintiff accepted the defendant's offer to rescind and agreed to release the defendant from the contract, and afterwards by its conduct ratified the release, and where it appeared, from the evidence, that the defendant purchased the option and gave the check therefor, that the alleged agent who induced the defendant to purchase the option was at the time the vice-president of the plaintiff corporation and assumed to act for the plaintiff in the negotations, and that the option was prepared in accordance with the negotiations had with this person, that this person represented to the defendant that the railroad and its rolling stock were in good shape and had been making money, the defendant, upon discovering that these representations were false, countermanded the check and communicated with the president of the plaintiff corporation who had in behalf of the corporation executed the contract of option, and stated to him that he considered himself absolved from any obligation under the contract, and the president of the corporation responded with a letter releasing the defendant from the contract, and, although neither the check nor the option contract was surrendered, that afterwards the plaintiff corporation was endeavoring to sell the road to others, and that the plaintiff manifested no intention and made no effort to hold the defendant to the contract until about five years afterwards when the present suit was instituted against him to recover on the check, the inference is authorized that the vice-president of the plaintiff corporation was the authorized agent of the plaintiff to sell the property, and that he knowingly made false representations to the defendant for the purpose of inducing, and did fraudulently induce, the defendant to purchase the option, and that the defendant was not negligent in failing to ascertain the falsity of the representation that the road was making money, and that therefore the contract had become void on account of fraud, and that the defendant rescinded the contract on this ground and offered to restore by tendering a release of his rights under the contract; and the inference is also authorized that since the president of the plaintiff corporation, as is undisputed, had a right in behalf of the corporation to enter into the option contract, and therefore the corporation knew of the execution of the contract and that the defendant had acquired an option to buy the property; and, from the evidence that after the execution of the option and its cancellation as alleged, the plaintiff corporation was endeavoring to sell the property to parties other than the defendant, the inference is authorized that the plaintiff knew that the defendant had refused to be bound by the option contract, and had knowledge of the release of the defendant by the president of the plaintiff corporation; and the inference is also authorized that the act of the president of the corporation, in releasing the defendant from the contract, was done for and in behalf of the plaintiff corporation; and the failure of the plaintiff to manifest any intention or make any effort to hold the defendant to the contract until after five years authorizes the inference that the president of the corporation had authority as agent to release the defendant from the contract, and that his act in so doing was ratified by the plaintiff, and that, by an agreement between the plaintiff and the defendant, for a

consideration of an abandonment of mutual rights under the contract, the contract was rescinded and the defendant released from his obligation; and the verdict found for the defendant was authorized.

2. Under the above ruling the court did not err in the charge, or in the exclusion of evidence, where error was assigned upon the ground that there was no evidence of fraud or of agency of the alleged agent.

3. Although there was no evidence to authorize an inference that the defendant executed the contract under duress, a charge that where a contract is procured by duress it is void, while not adapted to the evidence, was not harmful to the plaintiff.

4. There being evidence that the alleged letter from the president of the corporation releasing the defendant from his obligation under the option contract had become lost, and it appearing from the evidence of a witness offered to prove the contents of the letter by parol that he had seen it and recognized the signature of the president of the corporation thereto and knew its contents, the court, in admitting the evidence, did not err upon the ground that it did not appear that the letter had been signed by the president of the plaintiff corporation. Also where evidence of other witnesses as to the contents of the letter had been admitted, it was, if error, harmless to admit other parol evidence as to the contents of the letter because, in the language of the witness, the letter stated that "if" certain representations therein made by the defendant were true, the defendant was released.

5. An objection to the testimony of the defendant, that as a result of the negotiations had by him with the alleged agent, the option was executed, made upon the ground that the evidence sought by parol to vary the terms of the option contract, which was in writing, is without merit. The option contract was in evidence, and the admission of any parol evidence as to its contents which did not appear to contradict it was, if error, harmless.

6. Evidence that the president of the corporation who had executed the option contract, and who was dead, had stated that he had not written a letter as alleged by the defendant releasing the defendant from the option, was hearsay and inadmissible, and was properly excluded.

7. The evidence authorized the verdict found for the defendant, and no error appears.

*Judgment affirmed.  Jenkins, P. J., and Sutton, J., concur.*
DECIDED OCTOBER 1, 1932.

*Anderson, Rountree, Crenshaw & Hansell, Bundy, Beach & Holland, John W. Sheppard,* for plaintiff in error.
*P. M. Anderson,* contra.