34926. AIKEN BAG CORPORATION v. McLEOD et al.

NICHOLS, J. 1. A check does not of itself operate as an assignment of any part of the drawer's funds deposited with the bank upon which the check is drawn, and the bank is not liable to a holder of a check unless and until it accepts or certifies the check. Dixon & Co. v. Bank of Quitman, 23 Ga. App. 279 (3) (98 S. E. 112); Code § 14-1707. From this it follows that a check is a mere order upon a bank to pay from the drawer's account, and is subject to revocation by the drawer at any time before it has been certified, accepted, or paid by the bank. 7 Am. Jur. 437, Banks, § 602.

2. In the present suit—brought on allegations that the defendants, as a private, unincorporated bank, had received for collection a check payable to the plaintiff's attorney, but had negligently failed to collect the check, although there were sufficient funds in the drawer's account to pay the check on certain dates—the uncontroverted evidence showed that the bank received the check from the payee for collection, but had been instructed by the drawer not to pay the check until the drawer got in his crop or gave further instructions; that, while the bank held the check for collection, the drawer of the check did not at any time have sufficient funds in his account to pay any checks other than those outstanding which he had ordered the bank to pay, and that the bank returned the check marked "Insufficient Funds," to the payee. The payee thus made the bank his agent for collection with notice that the bank, upon which the check had been drawn, was already the drawer's agent to pay the check according to the drawer's instructions; and, since no negligence or breach of the bank's duty to the plaintiff was shown, as alleged, the verdict for the defendants was demanded by the evidence, under the above-stated principles of law; and the court did not err in denying the plaintiff's motion for a new trial.

*Judgment affirmed. Felton, C.J., and Quillian, J., concur.*

DECIDED FEBRUARY 5, 1954—REHEARING DENIED FEBRUARY 26, 1954.

*Briggs Carson, Jr.,* for plaintiff in error.
*Robert R. Forrester,* contra.

Aiken Bag Corporation sued J. D. McLeod, Sr., and J. D. McLeod, Jr., trading as Citizens Service Bank, a private, unincorporated bank, for $750, as the amount of a check which the defendants failed to pay or to collect before the drawer of the check closed his account and became insolvent. The evidence on the trial of the case showed that Aiken Bag Corporation held an execution against Lamar Powell Farms, Inc., for $1,627; and that the debtor on March 28, 1951, gave a check for $750, drawn on Citizens Service Bank, to Briggs Carson, the plaintiff's attorney. Carson deposited the check for collection at Citizens Service Bank on April 11, 1951, and the following entry was made on the deposit slip: "For collection Lamar Powell Farms—$750.00. Hold ten days." The teller stated to Carson that, when the account had sufficient deposits, he would run it in. The bank's records showed the following balances in the Lamar Powell Farms account at the end of the banking days designated: April 12, 1951—$1,060.93; April 30, 1951—$2,409.20; May 14, 1951—$844.82; May 17, 1951—$839.62.

Lamar Powell testified that he was in bad financial shape in 1951 and did not have enough money to pay what he owed. He did not have enough on deposit to pay the check in question in addition to what he had instructed the bank to pay on other checks between March 28, 1951, and June 12, 1951. He instructed the bank not to pay the check for $750. It was taking three or four thousand dollars a day to keep his plant pulling. Checks were out against any balances of more than $800 which he might have had. He told the bank not to pay the check in question until he got his crop in.

The teller of the bank identified the bank's records, and testified that there would not have been enough left in the Powell Farms account to pay the check in question, after paying the checks outstanding which the bank had been instructed to pay, during the time from March 3 to June 12, 1951. He mentioned the check to Powell, and told Carson that he had done everything he could to get Powell to pay it. He marked the check "Insufficient Funds" when Carson took it up on June 12, 1951, meaning that Powell had not deposited enough between April 11 and June 12, 1951, to pay the check, other than what he directed the bank to pay on other checks. Powell's account was an ordinary checking account, but he instructed the teller not to pay the check until he gave the teller further instructions, and told the teller several times not to pay the check at that particular time.

The defendant, McLeod, Jr., testified that Powell gave many checks and then would come in the bank and pay as far as his money would go on them, but lots of them would have to go back. J. D. McLeod, Sr., testified that he talked to Powell about the check and tried to get him to pay it. He recalled Carson's coming to see him in the summer of 1952 and talking about the check; and he told Carson that Lamar Powell had not gotten in any money, but kept telling McLeod that he would pay it.

The jury returned a verdict for the defendants, and the court denied the plaintiff's motion for new trial, to which judgment the plaintiff excepted.

## On Motion For Rehearing.

The plaintiff contends that the bank was shown to have been negligent in failing to disclose the fact that it had been ordered

not to pay the check. But the plaintiff did not seek recovery of damages upon this theory of negligence. The allegations of the petition are that the bank was negligent in refusing to pay the check and in failing to debit Lamar Powell Farms, the drawer, in the amount of the check.

*Rehearing denied.*