### 38826. TULL v. FULTON NATIONAL BANK OF ATLANTA.

DECIDED JULY 27, 1961.

Greene, Neely, Buckley & DeRieux, John D. Jones, Sanders Marshall, for plaintiff in error.

Smith, Kilpatrick, Cody, Rogers & McClatchey, D. F. Mc-Clatchey, Barry Phillips, contra.

Alston, Sibley, Miller, Spann & Shackelford, Moise, Post & Gardner, for parties at interest.

NICHOLS, Judge. The defendant contends in support of its general demurrers to the plaintiff's petition that the plaintiff failed to give the written notice required by the act of 1945 (Ga. L. 1945, p. 228; Code Ann. § 13-2052), within one year of a forged endorsement.

The petition does not allege that there was a forged endorsement, but even assuming, but not deciding, that such a notice must be given within one year even when a check is paid by a bank without an endorsement, such act does not provide that a written notice must be given as a prerequisite to the filing of an action if such action is filed within one year from the date of such payment on the forged endorsement. The present action was filed within ninety days of the date of the check.

While count one is loosely drawn, and would probably have been subject to special demurrer it was not subject to the defendant's general demurrer.

2. Count two alleges that after the plaintiff had ordered payment on the check stopped the defendant paid the same in violation of such stop payment order. In 1916 the Supreme Court in Bank of Hamilton v. Williams, 146 Ga. 96 (90 SE 718), said, "The drawer of an ordinary check can revoke it at any time before the bank has paid it or committed itself to pay it; the bank is bound by notice of such revocation, orally or in writing, and liable to the drawer to the amount thereafter paid on the check." In 1927 the General Assembly (Ga. L. 1927, pp. 195, 204; Code § 13-2050), provided that all renewals of stop payment orders must be in writing and that they must be renewed every ninety days, but it did not change or modify the holding by the Supreme Court, supra, that the original stop payment order could be given orally or in writing.

The present case was brought within ninety days from the date the check was issued and so the contention that the failure to allege that the "stop payment" order was in writing or that it had been renewed in writing within ninety days prior to the time when the check was allegedly paid makes such petition subject to general demurrer is without merit.

This count, like the first count, is loosely drawn and would probably be subject to proper special demurrers but such questions are not presented for decision. The allegations claimed by the defendant to be conclusions are actually allegations of ultimate fact and, on general demurrer, must be accepted as true. The trial court erred in sustaining the general demurrer to this count of the plaintiff's petition.

3. Count three of plaintiff's petition is not based on the premise that the defendant paid the plaintiff's check after being directed not to pay the same but such count is premised on the contention that the defendant could have, with impunity, stopped payment on the check or draft drawn by the defendant on the New York bank.

Without deciding whether the defendant bank could have stopped payment on its check after the plaintiff's demand, the further allegations of this count of the petition show that the defendant's check was "cashed" at a bank in Birmingham, Alabama, and eventually paid by the defendant. The bank in Birmingham, Alabama, prima facie became a holder in due course of the defendant's check and, in the absence of allegations to show that such Birmingham bank was not a holder in due course, such count of the petition failed, and the general demurrer to such count was properly sustained.

4. Count four of the petition alleges that the consideration for which the plaintiff issued the check failed and, although plaintiff's check was not indorsed by anyone, same was "honored and paid by defendant." Construing the allegations of count four against the pleader, as must be done on demurrer, the conclusion is demanded that the check was paid in compliance with the instructions of the maker thereof. Accordingly, count four of the petition was subject to general demurrer and the trial court did not err in sustaining same.

*Judgment reversed in part and affirmed in part. Carlisle, P. J., and Eberhardt, J., concur.*