42025. LAMBETH, Administrator v. LEWIS.

ARGUED MAY 4, 1966—DECIDED JUNE 16, 1966— REHEARING DENIED JULY 28, 1966—

*Spivey & Carlton, Milton A. Carlton,* for appellant.

*Williams, Smith & Shepherd, George L. Smith, II,* for appellee.

JORDAN, Judge. This is an appeal from the judgment of the trial court overruling the general demurrer of the defendant administrator to a petition seeking to recover on a check issued to the plaintiff payee by the decedent before his death. The petition affirmatively showed that the plaintiff had not presented the check to the bank for payment, or otherwise negotiated it, during the drawer's lifetime.

1. A check does not of itself operate as an assignment of any part of the drawer's funds deposited with the bank upon which the check is drawn (*Code Ann.* § 109A-3—409, former *Code* § 14-1707; *McIntire v. Raskin,* 173 Ga. 746 (161 SE 363)), but is merely an order upon a bank to pay from the drawer's account. It may be revoked at any time by the drawer before it has been certified, accepted or paid by the bank (*Aiken Bag Corp. v. McLeod,* 89 Ga. App. 737 (81 SE2d 215); *Bank of Hamilton v. Williams,* 146 Ga. 96 (90 SE 718)), and is revoked by operation of law 10 days after the death of the drawer although the drawee bank is not liable where it has in good faith honored such instrument without knowledge of the depositor's death. *Code Ann.* § 109A-4—405 (former *Code* § 13-2040).

Being a mere order to pay which has been revoked by the death of the drawer, a check in the hands of the original payee does not constitute a debt under *Code* § 113-1508 for which the decedent's estate would be liable so as to authorize a suit on the check itself; but the payee "is remitted to any underlying claim he may have against the decedent." 11 Am. Jur. 2d 661, Bills and Notes, § 590; In Re Bakri's Estate, 109 N. Y. S. 2d 654. The check may in a proper action be used as evidence in support of the payee's claim of indebtedness against the decedent but not as evidence of the indebtedness itself (see *Grimes v. Elliott*, 40 Ga. App. 739 (151 SE 536)); and where the check was merely a gift or otherwise without consideration, the payee would have no valid claim against the estate. *Felder v. Felder*, 71 Ga. App. 860 (32 SE2d 550).

As stated by this court in *Purcell v. Armour Packing Co.*, 4 Ga. App. 253, 259 (61 SE 138), quoting from 2 Daniel on Negotiable Instruments (5th Ed.) § 1646, "In the hands of the payee, a bank check which is unpaid and has not been presented for payment cannot be used as evidence of any indebtedness from the drawer to the payee, for the drawer has only contracted that the bank should pay the amount on demand, and until demanded the drawer is not bound. But when this is done and shown, the check then imports a debt from the drawer to the payee, and it may be sued on without proving the consideration, value received being presumed." The mere execution of the check sued upon in this case did not create an indebtedness on the part of the drawer since the order to pay was revoked by his death without prior presentment by the payee; and since the drawer's estate could only be held liable for debts created by the decedent in his lifetime, it necessarily follows that the plaintiff here must rely upon the underlying claim, if any, and not the check as the basis for recovery.

2. The petition in this case alleged that the plaintiff had performed certain personal services for the drawer of the check during his lifetime and that the check was given for a valuable consideration, but it expressly declared upon the check itself as the basis of the plaintiff's cause of action and not upon any

underlying claim of indebtedness which the check might have represented. The petition did not therefore state a cause of action against the decedent's estate; and the trial court erred in overruling the defendant administrator's general demurrer.

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*