## 51081. GAINES v. AMERICAN TITLE INSURANCE COMPANY et al.
## 51082. COLODNY v. AMERICAN TITLE INSURANCE COMPANY et al.
## 51083. DATA CENTERS, INC. v. AMERICAN TITLE INSURANCE COMPANY et al.

EVANS, Judge.

Delta Equities, Inc. owned certain real property in Richmond County, Georgia. It obtained a loan from Atlanta Gas Light Company, and executed its note, a financing statement and security deed, pledging part of this real estate as security for payment of the aforesaid note. The financing statement and security deed were filed for record in the clerk's office of the Superior Court of Richmond County. Through error, the financing statement was not properly indexed or cross-indexed in the real estate records. Further, the security deed was improperly recorded and not indexed in the record of personal property indices, nor in the real estate records.

This property was thereafter conveyed by Delta Equities in 1972 by warranty deed to Gaines, Colodny, Feldman, Vlass and Data Centers, Inc., and subsequently by various deeds by these parties in 1972 to a joint venture group (limited partnership and one corporation) called the Calcutta. The Calcutta conveyed same to Clayton Equities, Inc. in 1973, and Clayton Equities, Inc. then conveyed same in 1973 to Pease and Elliman Realty Trust by warranty deed. None of the deeds provided or even referred to being conveyed subject to any existing and outstanding indebtedness or loan deed.

Pease and Elliman Realty Trust became aware of the

outstanding loan deed, and paid it off in order to remove the lien against said property. This payment was in the amount of $260,000 and was paid by the check of American Title Insurance Company, endorsed by Pease and Elliman Realty Trust.

Pease and Elliman Realty Trust then sued all of the various parties named above, under the warranty deeds, and contended fee simple title had been warranted thereby. They added Count 2 in which they sued in tort, and alleged misrepresentation and fraud of defendants because defendants had knowledge of the outstanding indebtedness and loan and lien on the property, but did not disclose such knowledge to plaintiff. They sought actual and punitive damages.

The defendants answered the complaint and then brought a third party complaint against American Title Insurance Company, contending these defendants had no knowledge of the outstanding loan deed, and that after acquisition of the property in 1970, these defendants purchased various title insurance binders and policies from the insurer in favor of various lenders and had paid considerable money for same. These defendants (Colodny, et al.), as third-party plaintiffs, contended the third-party defendant (American Title Insurance Company) had never advised them of the outstanding lien against the property; and that if plaintiff Pease and Elliman Realty Trust suffered a loss, it was occasioned solely because of the negligence of the third-party defendant (American Title Insurance Company), as the third-party plaintiffs (Colodny, et al.) had relied upon the title search, binder and policies issued by the insurer.

Discovery was had and it appeared therein that American Title Insurance Company had insured various lenders in the several construction phases and permanent financing of the apartments on the property known as The Calcutta, and also in favor of Pease and Elliman Realty Trust in 1973, and the third-party plaintiffs (Colodny, et al.) had in each instance paid the various premiums.

The third-party defendant, American Title Insurance Company, moved for summary judgment, which was granted, and defendants (third-party plaintiffs, Colodny, et. al.) appeal. *Held:*

1. The undisputed evidence shows the insurer, American Title Insurance Company, never issued any binder or policy on the property involved, insuring the defendants, but it had issued policies and binders insuring various lenders including the original plaintiff, Pease and Elliman Realty Trust, in this case.

Third-party plaintiffs (Colodny, et al.) argue that they are third-party beneficiaries under Code Ann. § 3-108 as to the policies of insurance issued. Examination of the policies submitted as exhibits and attached to the affidavits of the insurer do not support this contention. See *Insured Lloyds v. Bobo,* 116 Ga. App. 89 (156 SE2d 518); *Walker v. General Ins. Co.,* 214 Ga. 758 (107 SE2d 836); *First of Georgia Ins. Co. v. Augusta Ski Club,* 118 Ga. App. 731 (165 SE2d 476); *U. S. Homes Assistance Corp. v. Southern Guaranty Ins. Co.,* 131 Ga. App. 676 (206 SE2d 555).

2. This case is controlled adversely to the contentions of the third-party plaintiffs (Colodny, et al) by the holding in *Sherrill v. Louisville Title Ins. Co.,* 134 Ga. App. 322 (214 SE2d 410), as the duty of the insurer is only to its insured and not to one who is not a party to the contract, even though the premiums on the policies were paid by the complainants.

3. There was no privity of contract between the third-party plaintiffs (Colodny, et al) and the insurance company. No fraud or misrepresentation has been shown which binds the third-party defendant (American Title Insurance Company) to the third-party plaintiffs (Colodny, et al).

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 10, 1975 — DECIDED OCTOBER 3, 1975; case no. 51081 REHEARING DENIED OCTOBER 17, 1975.

*Shulman & Shulman, Warren S. Shulman, Robert E. Sigal,* for Gaines.

Lester B. Colodny, *pro se,* Richard A. Feldman, *pro se* (case no. 51082).

*Hugh F. Newberry,* for Data Centers, Inc.

*A. Rowland Dye, Hugh F. Newberry, John J. Vlass,*

for appellees.