51872. STEWART v. CITIZENS & SOUTHERN NATIONAL BANK et al.

EVANS, Judge.
J. E. B. Stewart received a check in the amount of $185.48 in payment of a fee from a client. The check was that of a corporation drawn on an account with The Citizens & Southern National Bank. The client endorsed same. The check was received in payment of Stewart's services to the employee of said corporation. Stewart presented the check properly endorsed by the client to The Citizens & Southern National Bank and to Barbara Eschwig, the agent and servant of said bank, with the title of "Branch Manager" of its North Avenue Branch. The bank and Eschwig flatly refused to cash the check, although stating the check was good — that is, that there

were sufficient funds in said account.

Stewart, as plaintiff, then sued the bank and Eschwig for actual damages in the amount of $185.48 arising out of their refusal to cash a valid check drawn against a solvent account on deposit in said bank, and for $50,000 punitive damages for alleged aggravating circumstances connected with and growing out of the transaction and in particular, unlawfully refusing to cash a valid check drawn against a solvent account. He also sought reasonable attorney fees.

Defendants moved to dismiss the complaint and contended there were no contractual or other duties existing between them and plaintiff, under which defendants were obligated to cash the check presented by the plaintiff. They assert that the payor-bank and a drawee is not liable to an endorser on the check; and that defendant Eschwig owed no duty to plaintiff to negotiate the check which Stewart presented; and that defendants are not personally liable to the plaintiff. Motion to dismiss was granted, and plaintiff appeals. *Held:*

1. Defendants base their reasoning of owing no duty to the plaintiff upon Code Ann. § 109A-3—409 which provides that a check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for payment, and that the drawee is not liable on the instrument until it accepts it. See *McIntire v. Raskin,* 173 Ga. 746 (161 SE 363).

2. While a check is merely an order upon a bank to pay from the drawer's account, it may be revoked at any time by the drawer before it has been certified, accepted, or paid by the bank, and may be revoked by operation of law upon the death of the drawer. See *Aiken Bag Corp. v. McLeod,* 89 Ga. App. 737 (81 SE2d 215); *Bank of Hamilton v. Williams,* 146 Ga. 96 (90 SE 718); see also Code Ann. § 109A-4—405; *Lambeth v. Lewis,* 114 Ga. App. 191 (150 SE2d 462).

3. But upon presentment of the check as to which payment was refused, the check was dishonored, and plaintiff's remedy, as a holder, was "against the drawers and indorsers," not the defendant bank and its agent, neither of whom owed him a duty. See Code Ann. § 109A-3—507. In such circumstances, the refusal to cash

the check and creating liability against the "drawers and indorsers" would not create a liability by the bank to the person who presented the check for payment, and such person would have no course of action against the defendant bank. The lower court did not err in dismissing the claim.

4. Plaintiff cites as authority for his position, and relies heavily upon the case of *Mason v. Blayton,* 119 Ga. App. 203 (166 SE2d 601). But the *Blayton* case is authority *against* plaintiff's position and not in support of same. Blayton gave Mason a check and when it was not paid Blayton sued Mason on the check; and then Blayton moved for summary judgment which was denied by the trial court. On appeal the entire discussion is taken up with the proposition that the holder of the check (the drawee) had the right to sue the person who gave the check, and the trial court was reversed because of its failure to so hold. But never a word is found therein to the effect that the holder of the check *had a right of action against and could lawfully sue the bank.* It is difficult to understand how plaintiff here can place his reliance upon the above authority.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED MARCH 1, 1976 — DECIDED MARCH 19, 1976.

J. E. B. Stewart, *pro se.*

*Alston, Miller & Gaines, William C. Humphreys, Jr.,* for appellees.