53699. REFRIGERATION SUPPLIES, INC. v. BARTLEY et al.

BELL, Chief Judge.

1. The plaintiff was the co-payee of the checks drawn by one of defendants. The cashing bank and the drawee bank (also defendants in this case) paid these checks without the endorsement of the plaintiff. Thus, plaintiff was a damaged payee under the holding in Division 4 of *Insurance Co. of N. A. v. Atlas Supply Co.,* 121 Ga. App. 1 (172 SE2d 632), which controls this case. It was error to grant the motions for summary judgment of defendants and their judgments are reversed.

2. There remain issues of fact with reference to the question of the amount of damages. Consequently, that part of the judgment denying the plaintiff's motion for summary judgment is affirmed.

*Judgment reversed in part and affirmed in part. Deen, P. J., Quillian, P. J., Webb, Shulman, Banke and*

*Birdsong, JJ., concur. McMurray, J., concurs in part and dissents in part. Smith, J., dissents.*

ARGUED APRIL 4, 1977 — DECIDED NOVEMBER 2, 1977 — REHEARING DENIED NOVEMBER 29, 1977 —

*Martin, Kilpatrick & Davidson, Marcus B. Calhoun, Jr.,* for appellant.

*Willis & Carter, Grover C. Willis, Jr., Thompson & Redmond, Lee R. Redmond, Hatcher, Stubbs, Land, Hollis & Rothschild, Gary L. Coulter, Jerry A. Buchanan,* for appellees.

MCMURRAY, Judge, dissenting in part.

I concur fully in the majority opinion and judgment of reversal with respect to the two defendant banks who put Charles Tomberlin, Inc. in position to collect the funds for the materials without paying the plaintiff for the materials and equipment as the checks were drawn payable to both. See Code Ann. § 109A-3—116 (Ga. L. 1962, pp. 156, 245).

However, as to the defendant Bartley the court did not err in granting summary judgment in his favor. Bartley issued the checks jointly to Tomberlin and the plaintiff purely as a convenience to himself and to insure that Tomberlin paid its bills for materials which were used in improving Bartley's property. No lien was filed. No claim was made against Bartley.

The evidence here shows that prior to Bartley's last payment to Tomberlin he was informed by plaintiff that Tomberlin had paid for all materials used on Bartley's job, and as a result of this information, and relying thereon, Bartley paid Tomberlin the remainder of the contract price. Bartley's obligation to Tomberlin has been paid and he is not in privity with the plaintiff. No fraud or misrepresentation has been shown which binds the defendant Bartley to the plaintiff. See *Gaines v. American Title Ins. Co.,* 136 Ga. App. 162 (3) (220 SE2d 469).

Bartley is also cloaked with the protection of the maxims in equity that the equity of a party who has been misled is superior to that of him who wilfully misleads

him. See Code § 37-109; also Code § 37-113 as to which of two innocent persons must suffer.

I would hold the court did not err in granting defendant Bartley's motion for summary judgment and that part of the judgment of the lower court should be affirmed. Accordingly, I respectfully dissent to that part of the judgment of reversal.

SMITH, Judge, dissenting.

Refrigeration Supplies, Inc., appellant, brought suit against J. J. Bartley, Trust Company of Columbus, and the First National Bank of Columbus, appellees, to recover amounts allegedly due him under six checks naming the appellant as a joint payee which were negotiated and paid without any endorsement from the appellant. The trial court denied the appellant's motion for summary judgment and granted a motion for summary judgment in favor of each appellee. I believe that under the uncontradicted facts the appellant has no cause of action against the appellees either in conversion or in contract; thus, the judgment should be affirmed.

Bartley had contracted with Charles Tomberlin, Inc. for the installation of heating and air conditioning systems in Bartley's apartment complex. Tomberlin in turn contracted with the appellant to obtain the equipment needed. After the time for filing a materialman's lien had expired, Bartley inquired of the appellant whether it had been fully paid by Tomberlin; the appellant replied that it had. Nevertheless, *without any prior agreement or understanding that he would do so,* Bartley made payment checks to the order of "Charles Tomberlin, Inc., and Refrigeration Supplies, Inc." The checks were delivered to Tomberlin, only, and Tomberlin deposited them in its private account at Trust Company of Columbus. The checks were forwarded to the First National Bank of Columbus, the drawee bank, which paid the funds from Bartley's account. Some four years later the appellant discovered the existence of these checks and he brought this suit, claiming the appellees converted his property, and claiming that he was a third party beneficiary of the deposit contract between Bartley and First National.

1. The conversion cause of action fails because the appellant is not a proper party to bring the action. The Uniform Commercial Code § 3-419 (Code Ann. § 109A-3—419) provides, "An instrument is converted when . . . (c) it is paid on a forged indorsement." The cause of action is thus set forth, but the UCC gives no aid in deciding *who* may bring the action. It is well settled, however, that an action for conversion or trover can be brought only by one who has title, possession, or a right to possession in the property. *McElroy v. Williams Bros. Motors,* 104 Ga. App. 435 (121 SE2d 917); *Southern Exp. Co. v. Sinclair,* 130 Ga. 372 (60 SE 849). Clearly, the appellant had none of these. Merely being named as the payee on a check did not transfer title or a right of possession to him. At the time Bartley drafted the check, all incidents of title and ownership remained in him. When he delivered the check to Tomberlin, with the intent that the funds would go only to Tomberlin, he transferred title and possession to Tomberlin and to no one else. Tomberlin did not take the check as agent for the appellant, thereby giving the appellant an ownership or possessory interest.

The cases cited by the appellant, and the case relied upon by the majority, are distinguishable because in them there was an agreement that the check would be made payable to joint payees. There thus was an *intent to transfer title* in the checks to *both* parties. *Insurance Co. of N. A. v. Atlas Supply Co.,* 121 Ga. App. 1 (172 SE2d 632). Here, there was no such agreement or intent.

2. The appellant has no cause of action in contract. The check did not operate as an assignment of any funds to the appellant as payee. UCC § 3-409 (Code Ann. § 109A-3—409); *Lambeth v. Lewis,* 114 Ga. App. 191 (150 SE2d 462).

Had First National complied with its depositor's contract with Bartley by paying the funds over only to the appellant and Tomberlin jointly or on their joint endorsement, then the appellant surely would have benefited from the contract. But such a mere incidental benefit does not give the appellant a cause of action as a third party beneficiary. *McWhirter Material Handling Co. v. Ga. Paper Stock Co., Inc.,* 118 Ga. App. 582 (164

SE2d 852). The nonassignment provision of § 3-409 clearly means that a payee will have a cause of action, if any, in conversion. The appellant did not have that cause of action in this case, so the summary judgment in favor of the appellees was proper.

Accordingly, I would affirm the judgments of the trial court.