**CIRCUIT COURT OF THE CITY OF FREDERICKSBURG**

Wedgewood Homes, Inc.

v.

Southern Title Ins. Corp.

June 28, 1991

Case No. CH91-32

By JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether the plaintiff, an owner-developer of land, can maintain an action against a title insurer, under the facts alleged here, based on a policy of title insurance issued to the plaintiff's lender.

Because the case is before the court on demurrer, the facts are not in dispute at this stage of the proceeding. It is well settled that when ruling on a demurrer, the court assumes the truth of all facts properly pleaded and all reasonable inferences that can be drawn from the allegations. *Grossman v. Saunders*, 237 Va. 113 (1989). The following facts are set forth in the plaintiff's pleading.

The plaintiff, Wedgewood Homes, is the owner and developer of a tract of land in Spotsylvania County. In August of 1989, Wedgewood Homes obtained a deed of trust loan from Investors Savings Bank, apparently for the purpose of developing the property. The defendant, Southern Title, issued a policy of title insurance to the Bank insuring title to the property, subject to certain enumerated exceptions and conditions. Thereafter, endorsements were issued as money was advanced by the Bank to Wedgewood Homes and coverage was eventually increased to $1,000,000.00. Wedgewood Homes paid the premiums.

At some unspecified time after December, 1989, a title defect was discovered. Consequently, Southern Title would not issue additional endorsements and, in turn, the Bank would not make further advances.

Wedgewood Homes instituted this suit under the declaratory judgment statutes on March 13, 1991, claiming to be "a beneficiary under the policy" and seeking a declaration that Southern Title should issue endorsements and otherwise comply with its obligations under the insurance contract. Southern Title filed a demurrer. Arguments on the demurrer were heard June 17, 1991, and this opinion addresses the court's ruling.

Wedgewood Homes acknowledges that it is not a named insured and is not a party to the insurance contract. Nevertheless, as "a beneficiary under the policy," Wedgewood Homes contends that it can maintain this action to compel Southern Title, a promisor under the insurance contract, to fulfill its obligations.

Virginia Code § 55-22 provides, in pertinent part, "if a covenant or promise be made for the benefit, in whole or in part, of a person with whom it is not made . . . such person, whether named in the instrument or not, may maintain in his own name any action thereon which he might maintain in case it had been made with him only and the consideration had moved from him to the party making such covenant or promise."

In a long line of decisions, the Supreme Court of Virginia has explained that this statutory provision is subject to the limitation that the third party must show that the parties to the contract "clearly and definitely intended to confer a benefit upon him." *Allen v. Lindstrom*, 237 Va. 489 (1989). This interpretation recognizes the classic distinction between "intended beneficiaries" and "incidental beneficiaries" under the third party beneficiary doctrine recognized in practically every jurisdiction, whether the doctrine is codified or not.

Most authorities agree that the intention of the parties who actually made the contract is the determining factor. Absent such intend to benefit, the third party is merely an incidental beneficiary and has no right to enforce the contract. An incidental beneficiary is one who is not an intended beneficiary but who may derive some benefit from the performance of a contract although

he was neither promisor nor promisee. An incidental beneficiary -- sometimes referred to as an indirect or consequential beneficiary -- cannot maintain an action on the contract. *See* 17A Am. Jur. 2d, *Contracts* §§ 440 and 447; *also see* Restatement, Contracts 2d § 302.

In *Tilley v. Connecticut Fire Insurance Company*, 86 Va. 811 (1890), a secured party sued on a property insurance policy purchased by the owner of the property. The Court held that the secured party could maintain an action on the policy in his own name as third party beneficiary of the insurance contract. There, the secured party was expressly designated in the policy as a payee of loss "as his interest might appear."

Similarly, in *Cobert v. Home Owners Warranty Corporation*, 239 Va. 460 (1990), a third party beneficiary was allowed to sue on a policy of insurance. In that case, a builder had given warranties to the purchaser that were backed by insurance issued by the defendant. The Court pointed out that the policy itself designated "purchaser" as a beneficiary of the insurance coverage and expressly provided that in the event of loss due to breach of the warranties, the insurer would pay to the purchaser the cost of repair or replacement.

Here, the policy contains no language designating Wedgewood Homes an insured, a beneficiary, or a loss payee, nor is there any provision in the policy from which any such status can be inferred. For that reason, *Tilley* and *Cobert* are distinguishable.

Those courts that have specifically addressed the application of the third party beneficiary doctrine to title insurance have concluded that such policies do not impose liability on the title company to anyone other than the named insured. *See, Gaines v. American Title Insurance Company*, 220 S.E.2d 469 (Ga. App. 1975); *Sherrill v. Louisville Title Insurance Company*, 214 S.E.2d 410 (Ga. App. 1985); *Hooper v. Commonwealth Land Title Insurance Company*, 427 A.2d 215 (Pa. Super. 1981).

In addition to the absence of language in the policy conferring a benefit upon Wedgewood Homes, the policy contains several provisions that suggest an opposite conclusion. In Schedule A, Wedgewood Homes is identified as the owner of the property, but the specified instrument "covered by this policy" is the Bank's deed of trust,

and the Bank is expressly named as "Insured." In Schedule B, Southern Title limits its liability "only to the extent of the amount actually disbursed" on the "loan secured by the deed of trust." The policy is a standard ALTA Loan Policy.

Undoubtedly, Southern Title knew the cast of characters and their interdependence in connection with the project at the time it issued the policy. We may assume that Southern Title, being in the title insurance business, also knew that the Bank would not pay the loan proceeds to Wedgewood Homes in a lump sum but would disburse the funds by draws or advances as the work progressed. We may also assume that Southern Title knew that the Bank would not disburse the loan to Wedgewood Homes unless Wedgewood Homes procured for the Bank various forms of protection for its security, including title insurance with provisions for periodic updates and increases in coverage as the funds were disbursed. None of this, however, conferred upon Wedgewood Homes a direct, intended benefit under the insurance policy.

Assuredly, Wedgewood Homes benefits as long as the policy is in force and endorsements to it are insured because title insurance coverage is a precondition to disbursements of the loan proceeds, a condition imposed by the lender. But the benefit is merely incidental, or consequential, to the coverage against title defects promised the Bank by Southern Title. The fact that Wedgewood Homes paid the premiums, at the direction of the Bank, adds nothing material to the equation. *See, Gaines, supra.*

For the reasons explained, the court is of the opinion that the facts alleged in the motion for judgment establish that Wedgewood Homes is merely an incidental beneficiary of the title insurance policy and as such cannot maintain this action against the insurer based on the policy. Accordingly, the demurrer will be sustained and the suit dismissed.