25571. McCARD v. THE STATE.

DECIDED OCTOBER 15, 1936.

*Adams & Darsey,* for plaintiff in error.

*Chester A. Byars, solicitor,* contra.

MACINTYRE, J. It is necessary to elaborate only headnote. 2 in this opinion. A motion to quash the accusation was overruled. Exceptions pendente lite to that ruling were tendered to the judge; and they recite: "And now comes the defendant in the above-stated case, and within the time required by law, and tenders this his exceptions pendente lite, and says . . " and immediately following the exceptions pendente lite the judge certifies "that the foregoing exception is true. Let the same be filed as a part of the record in this case. This February 7, 1936." The record shows that the exceptions pendente lite were filed on the same day. If the exceptions pendente lite had not been tendered until February 7, 1936, they would have been too late. However, it seems to us that the effect of the judge's certificate is that the defendant tendered his bill of exceptions within the time required by law, but that the judge held it until February 7, 1936. If this be correct, the exceptions were not filed too late. The final bill of exceptions sets out that a motion to quash was made, and the grounds of the motion, and assigns error on the order overruling the motion to quash, specifies the exceptions pendente lite as a part of the record, and asks that they be sent to this court. Under such facts, the mere failure to allege in the final bill of exceptions on the

final writ of error that the exceptions pendente lite were filed, or were filed in time, when error on the ruling complained of is properly assigned, will not cause a dismissal of the case. *Alexander* v. *Chipstead,* 152 *Ga.* 851, 858 (111 S. E. 552) ; *Daniels* v. *Commissioners of Pilotage,* 147 *Ga.* 295 (93 S. E. 887). "The only object of exceptions pendente lite is to preserve as part of the record, by means of the certificate of the trial judge, that which transpired on the trial of the case, and which would not otherwise appear of record." *Hall County* v. *Gilmer,* 123 *Ga.* 173, 175 (51 S. E. 307). This is accomplished by the certificate of the judge to the bill of exceptions pendente lite. "Such exceptions pendente lite, if transmitted in the record, having once been certified, need not be certified again." *Schofield* v. *Little,* 2 *Ga. App.* 286 (58 S. E. 666).

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*