29064. MEENA *v.* THE STATE.

DECIDED OCTOBER 22, 1941.

*Luke Arnold,* for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.

MacIntyre, J. Thomas Meena was convicted under the Code, § 13-9933, for passing a worthless check to Herman Rich. It appears from the evidence that the defendant owed Rich approximately $1400 on an old debt. Several months before the date in question the defendant made a payment of $200 thereon. On June 24, 1940, the defendant, a resident of Florida, passed through Atlanta and went to see Rich. The defendant stated to Rich that he wanted to give him $500 on the old debt but he needed some money to "go up the State." The defendant thereupon gave Rich his check for $1000 and Rich gave him a certified check for $500. The defendant contended that at the time he gave the check he told Rich to hold same and deposit it later, and that the check was not given as a cash item. The evidence disclosed that the $1000 check, though given on June 24, 1940, was not deposited in the Fulton National Bank of Atlanta until July 1, 1940, and was not presented to the Florida bank on which it was drawn until July 5, 1940. The president of the Florida bank testified that on the date the check was presented the defendant had on deposit in his bank $1858.09, $1500

of which was represented by an uncollected check drawn on another bank in Florida and deposited by the defendant to his account with the bank on which the check in question was drawn. The bank president said that the check was returned to the Fulton National Bank immediately, and marked as being drawn on uncollected funds, and that the reason it was returned was because if they had paid the $1000 check on the uncollected funds they might have lost the money. However, he testified that the $1500 check cleared, that is, it was paid. Mr. Rich testified that the $1000 check was returned and it did not have attached thereto a memorandum that it was returned because of insufficient funds, but that it had a memorandum attached thereto that it was "drawn on uncollected funds." The check was redeposited with the Fulton National Bank of Atlanta on July 9, 1940, and again forwarded to the Florida bank for collection. Mr. Rich went to Florida to see the defendant about the check and stayed there from July 13 to July 19 at a hotel at the defendant's expense. On July 18, 1940, at the request of Mr. Rich, the $1000 check was returned to the Fulton National Bank marked uncollected, but the record does not show for what reason, whether for lack of funds or because of some agreement or some misunderstanding between Mr. Rich and the defendant. In his statement to the jury the defendant stated that Mr. Rich was absolutely satisfied when he returned to Atlanta on July 19, and the record disclosed that on his arrival in Atlanta by plane Mr. Rich sent the defendant the following wire: "Arrived O K. Pleasant trip thanks to you."

Thus we do not think the evidence for the State showed beyond a reasonable doubt that the defendant, at the time he gave the check in question, had any intention to defraud Rich. The verdict was not sustained by the evidence on this all important issue. Intent to defraud is the very gravamen of this offense. *McCard* v. *State,* 54 *Ga. App.* 339 (187 S. E. 850) ; *Berry* v. *State,* 153 *Ga.* 169 (111 S. E. 669, 35 A. L. R. 370) ; *Barnes* v. *Gossett Oil Co.,* 56 *Ga. App* 220 (192 S. E. 254) ; *Neidlinger* v. *State,* 17 *Ga. App.* 811 (88 S. E. 687). At the time the $1000 check was first presented to the Florida bank, the defendant had more than enough money on deposit in that bank to pay the check, although that amount included an uncollected item of $1500 which was later paid in due course. There was no showing by the State that the uncollected check for $1500

did not clear; in fact the State's own witness testified that it did. The second time the check was presented the $1500 item had cleared and the $1000 check was returned marked uncollected, but no reason was given why it was not paid. The only evidence was that it was returned at the request of Mr. Rich while he was in Florida. In other words, the State failed to show why the $1000 check was not paid the second time it was presented, although the $1500 check had cleared since the $1000 check was first presented, and in so failing the State did not make out a case as charged, and the verdict can not stand. Of course, had the uncollected $1500 check been worthless, and had the defendant known it to be worthless at the time he gave the $1000 check, an entirely different case would have been presented. However, no such showing was here made.

It is never reversible error to refuse to direct a verdict, and the judge did not err, as contended by the defendant, in so refusing. The president of the Florida bank properly qualified with reference to the ledger sheets, and the court did not err in allowing him to testify therefrom. The other questions raised by the petition for certiorari are not likely to arise on another trial of the case, and are not considered. The judge erred in overruling the certiorari.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*