32423.   CRAIN *v.* THE STATE.

DECIDED MARCH 18, 1949.

*Raymond W. Martin,* for plaintiff in error.

*Preston M. Almand, Rupert A. Brown,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Code § 13-9933, on which the defendant was tried, provides as follows: "Any person who, with intent to defraud, shall make, or draw, or utter, or deliver any check, draft or order for the payment of money upon any bank, or other depository, knowing at the time of such making, drawing, uttering or delivering that the maker or drawer has not sufficient funds in or credit with such bank, or other depository, for the payment of such check, draft or order upon its presentation, shall be guilty of a misdemeanor. The making, drawing, uttering, or delivering of such check, draft, or order as aforesaid shall be prima facie evidence of intent to defraud. The word 'credit' as used herein shall be construed to mean an arrangement or understanding with the bank or depository for the payment of such check, draft or order." The gravamen of the offense is the intent to defraud. See *McCard v. State,* 54 *Ga. App.* 339 (187 S. E. 850); *Meena v. State,* 66 *Ga. App.* 99 (17 S. E. 2d, 86). Attention is directed to that part of the Code section in question with reference to prima facie evidence of intent to defraud as follows: "The making, drawing, uttering, or delivering of *such check* . . shall be prima facie evidence of intent to defraud." (Italics ours.) The words "such check" there used mean a check made, drawn, uttered, or delivered, the drawer having not sufficient funds in or credit with the bank for the payment thereof *upon its presentation.* It follows that the intent to defraud cannot be presumed until the State shows by the evidence that at the time of the presentation of the checks the drawer had not sufficient funds with which to pay the same. Reference to the statement of facts herein discloses that these checks were drawn August 6, 1947. There is nothing to indicate whether on that day the defendant had sufficient funds in the South Side Bank, Atlanta, Georgia, with which to pay the same or not. The record shows that on August 7 he did not have sufficient funds in the bank

with which to pay either of the checks, but on that day the checks were deposited in the National Bank of Athens and thereby placed in regular banking channels. The checks could hardly have been presented to the bank upon which they were drawn that day. The record is silent on the question of whether or not the defendant had sufficient funds to pay either or both of the checks on August 9. August 10, 1947, came on Sunday. On any day that the checks were presented, from August 11 to August 15 inclusive, there were sufficient funds in the bank, according to the record, to pay one or both. The record is silent as to whether or not the defendant had sufficient funds in the bank on August 16. August 17 came on Sunday. On August 18 there were ample funds to pay both of said checks, but that was the day the checks were redeposited and thereby put into the regular banking channels for the second time. On August 19 and 22 there were not sufficient funds with which to pay either of said checks, and on August 20 and 21 there were sufficient funds with which to pay both.

Although the memorandum slips of the South Side Bank of Atlanta, attached to the checks, showing the reason for nonpayment as being "insufficient funds," in evidence as State's exhibit No. 10, were objected to and assigned as error herein under a special ground, which is not passed upon, it is enough to say that, where such slips become attached to checks in due course of the banking business and while the checks are going through the banking channels, the same are admissible in evidence in a case such as this. However, these slips fail to show when the checks were presented for payment to the bank upon which they were drawn, and fail to show whether the same became attached on the first occasion when presented, the second, or both. Therefore they failed to constitute evidence that the defendant did not have sufficient funds in the bank on which the checks were drawn, on the date of their presentation. Also, there being no evidence in the record as to what day the checks were presented for payment, it can not be said that the State has proved that the defendant did not have sufficient funds to pay said checks upon their presentation to said bank for payment. As a matter of fact, on almost any day that the checks could have been presented to the South Side Bank of Atlanta after August 7, there

were sufficient funds to pay either one of said checks or both of them.

Since the evidence fails to show that the defendant did not have sufficient funds in the bank upon which the checks were drawn to pay the same upon their presentation for payment, the intent to defraud can. not be presumed in this case. The evidence is therefore not sufficient to support the verdict.

A part of the special grounds of the amended motion for a new trial are not sufficient to afford any proper question for the decision of this court, and the remainder thereof assigns alleged errors not likely to recur upon another trial of this case. For these. reasons we will not pass upon the special assignments of error.

The trial court erred in overruling the motion for a new trial on the general grounds.

*Judgment reversed.   MacIntyre, P. J., and Gardner, J., concur.*