### 37463. DOWNS v. THE STATE.

CARLISLE, Judge. The defendant was tried and convicted in the City Court of Sandersville on an accusation charging him with the offense of drawing, uttering and delivering a worthless check, in violation of the provisions of Code § 13-9933. His petition for certiorari was dismissed by the judge of the superior court and the exception here is to that judgment. Upon the trial of the case, the evidence on behalf of the State showed merely that the defendant issued a check in the amount of $20 payable to E. R. Davis, and caused the same to be delivered to Davis; that Davis presented the check to the bank upon which it was drawn and payment was refused and the letters "N. S. F." imprinted or written on the back

thereof, and that these letters mean "Not Sufficient Funds." The president of the bank testified for the defendant that the defendant was a customer of the bank, and that the check was not paid because the defendant came to the bank and stopped payment on it. He further testified that he did not know whether the defendant had as much as $20 on deposit at the time or not, but that the check would have been paid anyway whether or not he had the money in the bank, as the defendant had sufficient credit with the bank for this purpose. This testimony was undisputed. The Code section under which the defendant was convicted makes the making, uttering or delivering of a check prima facie evidence of intent to defraud when the maker "has not sufficient funds in or credit with such bank or other depository for the payment of such check . . . the word 'credit' as used herein shall be construed to mean an arrangement or understanding with the bank or depository for the payment of such check, draft or order." While the evidence for the State standing alone might support an inference that the defendant did not have sufficient funds in the bank to cover the check, and that it was refused on that account, such inference disappeared in the face of the direct, positive and unimpeached testimony of the bank president as set forth above. This testimony was sufficient to show that the defendant had sufficient credit with the bank so that the check would have been paid had the bank not been otherwise instructed. Since the defendant had this credit, it became immaterial whether he had sufficient funds in the bank to cover the check or not, and the notation on the check accordingly did not constitute sufficient evidence on which to predicate the conviction. "The drawer of an ordinary check can revoke it at any time before the bank has paid it or committed itself to pay it." *Bank of Hamilton* v. *Williams,* 146 *Ga.* 96 (1) (90 S. E. 718). One stopping payment on a check after obtaining a benefit thereunder and with intent to defraud might be guilty of cheating and swindling, but he would not be guilty of uttering a bad check. It follows that the general grounds of the certiorari were meritorious, and the judge of the superior court erred in overruling them. Since this ruling substantially disposes of the case, it is unnecessary to pass on the other issues raised by the petition for certiorari. *Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

Decided February 2, 1959.

*Casey Thigpen,* for plaintiff in error.
*Thomas A. Hutcheson, Solicitor, W. H. Lanier, Solicitor-General,* contra.