## 39404.   TAPLEY et al. v. THE STATE.

FRANKUM, Judge.   "On a prosecution under *Code* § 13-9933, for passing worthless checks, the intent to defraud cannot be presumed until it is shown by the evidence that the defendant did not have sufficient funds in or credit with the bank upon which the check was drawn to pay it at the time it was presented for payment."[1]   *Crain v. State,* 78 Ga. App. 806 (52 SE2d 577). And to prove intent to defraud there must be a presentment of the check to the bank for payment, or other evidence from which an intent to defraud could be inferred. *Crosby v. State,* 83 Ga. App. 682 (64 SE2d 595); *Spivey v. State,* 63 Ga. App. 281 (11 SE2d 50).   The gravamen of the offense charged against these defendants is the "intent to defraud." *Berry v. State,* 153 Ga. 169 (111 SE 669).   See *Downs v. State,* 99 Ga. App. 43 (107 SE2d 569).

Applying the above principles of law to the facts shown by the evidence, the State failed to prove that the check in question was drawn with intent to defraud.   The evidence shows that on September 2, 1961, a check was drawn upon the account of a corporation with the Bank of Ochlochnee by one of the defendants, Tillie W. Tapley, a bookkeeper of the corporation.   The check was made payable to the Pure Oil Company and was delivered to an employee of H. D. Adams, a Pure Oil distributor, in payment for gasoline and oil delivered to a service station of the corporation upon the request of the defendant, Frank Tapley, manager of the corporation.   On

[1]The defendants in the instant case were tried and convicted under *Code* § 13-9933, as it existed prior to the enactment of Ga. L. 1962, p. 593.

the same day the check was given, the corporation deposited $4,170.97 to its account. As to whether the deposit was made before or after the check was drawn, the record is silent. For some time prior to September, 1961, the bank had extended credit on checks drawn in the name of the corporation aggregating more than $160,000. One of the defendants, the bookkeeper, testified that it was the practice to write checks to the creditors of the corporation equal to the weekly deposits. This was not contradicted. On September 7, 1961, the bank was closed and ceased to do business as a banking institution. The president of the bank testified that the corporation had credit with the bank during the time period of September 2 through September 6, 1961. He later testified that he did not know whether he would have paid the check if it had been presented for payment on or before September 6, 1961. The check was deposited for collection in Cairo Banking Company in the regular course of business and was returned to the depositor with the notation on the back "Bank Closed," and this is the only reason shown by the evidence as to why the check was not paid. As the evidence shows that the corporation had an account at the bank and had extensive credit with the bank prior to September, 1961, and had deposited a sum in excess of the amount of the check on the day the check was given, the State failed to prove beyond a reasonable doubt that the check was made, uttered or delivered with the intent to defraud, or, if the check had been presented for payment to the bank on which it was drawn when the bank was doing business as a banking institution, that it would not have been honored by reason of the fact that the corporation did not have sufficient funds in or credit with the bank to pay the check. Therefore, the evidence was insufficient to support the conviction of the defendants, and the court erred in denying their motion for a new trial.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*

DECIDED JUNE 28, 1962.

*Edwin A. Carlisle, Gainey & Gainey,* for plaintiffs in error.
*Marcus B. Calhoun, Solicitor,* contra.