## 52331. WIGGINS v. THE STATE.

MCMURRAY, Judge.

This case involves the making, drawing, uttering and delivering of a certain check for wages, knowing that it would not be honored by the drawee. The defendant executed the instrument as an officer of a corporation on March 12, 1975. On March 13, 1975, it was dishonored for

insufficient funds. Thereafter, also on March 13, 1975, a stop payment order was issued, and the check was never paid by the bank on presentment. By accusation, the defendant was charged, convicted and sentenced to pay a fine of $100 and make restitution in the amount of $250 or to serve 12 months on the public works. Motion for new trial was filed and denied, and defendant appeals. *Held:*

1. The principal question at issue here is whether the defendant knew the check would not be honored by the drawee bank at the time it was written. As the chief operating officer of the corporation on which the check was drawn, and as the person authorized to write the check for the corporation, defendant knew, or certainly should have known, whether or not there were sufficient funds in the bank to cover the check when he wrote it.

Code § 26-1704 states clearly that if payment was refused by the drawee bank for lack of funds this would be prima facie evidence that the accused knew the instrument would not be honored. The check was drawn on March 12th and presented on the 13th and at that time was dishonored. There was a lack of sufficient funds to pay same on that date. It is true that thereafter sufficient funds were in the bank within 30 days after delivery and that a stop payment order had been issued. However, there was sufficient evidence of an intent to defraud in that at the time of the presentation of the check the drawer had knowledge there were not sufficient funds with which to pay same. *Crain v. State,* 78 Ga. App. 806 (52 SE2d 577).

A question of fact was created by the evidence for the jury to decide as to whether or not the defendant here knew the check would not be honored by the drawee, and the evidence was sufficient for the jury to determine he committed a misdemeanor.

2. While counsel for defendant cites such cases as *Bank of Hamilton v. Williams,* 146 Ga. 96 (90 SE 718); *Stewart v. W. U. Tel. Co.,* 83 Ga. App. 532 (64 SE2d 327); *Mason v. Blayton,* 119 Ga. App. 203 (166 SE2d 601); and *Downs v. State,* 99 Ga. App. 43 (107 SE2d 569) that a drawer or maker of an ordinary check may revoke it at any time before the bank has paid it, nevertheless the check was dated March 12, 1975; a stop payment was

dated March 13, 1975, and an issue of fact occurred which the jury has decided adversely to the defendant as to whether or not this defendant knew the check would not be honored by the drawee at the time it was issued.

3. During the trial the court ruled it was not permissible for counsel to argue the law before the jury. Apparently the court did this based on Rule 19 (Code Ann. § 24-3319) which recites that "counsel shall not be permitted in the argument of criminal cases, to read to the jury recitals of fact or the reasoning of the court as applied thereto, in decisions by the Supreme Court or Court of Appeals." Under the Constitution of Georgia, in criminal cases the jury is the judge of both the law and the facts. Constitution of 1945; Code Ann. § 2-201. At first glance, it would appear that Rule 19 above is in conflict with the Constitution, but it is noted as to Rule 19 that counsel may not read to the jury "recital of facts or the reasoning of the courts as applied thereto." This does not prevent the reading of the case law as found in the citations, and counsel may read and comment on the law to the jury in a criminal case. See such cases as *Powell v. State,* 65 Ga. 707 (3), 710-711; *Cribb v. State,* 118 Ga. 316 (9), 319 (45 SE 396); *Weatherby v. State,* 213 Ga. 188 (97 SE2d 698). The court was in error in holding that it is not permissible to read law in the presence of a jury in a criminal case. However, objections must be made in the lower court to the ruling. Here counsel merely stated that he understood the court rules that it is not permissible to read law in the presence of the jury in a criminal case to which the court's answer was in the affirmative. Whereupon counsel proceeded to read the law to the court and did not make an objection to this procedure. Such objection must be promptly made in the lower court in order for this court to review same. See *Ocilla Truck &c. Co. v. Nolan,* 124 Ga. App. 417 (3) (184 SE2d 48); *Cox v. Cody & Co.,* 75 Ga. 175 (1a); *Southern Pine Co. v. Smith,* 113 Ga. 629 (3) (38 SE 960); *Thompson v. Lanfair,* 127 Ga. 557 (2) (56 SE 770). There is no merit in this complaint.

4. The third enumeration of error complains of the failure of the court to read the definition of a crime as set forth in Code §§ 26-201, 26-601; the presumption of innocence as found in Code § 26-501 and criminal intent

as found in Code § 26-605. However, a reading of the charge shows clearly that the court did charge on the presumption of innocence in favor of the defendant, but the court failed to charge the definition of a crime or that of intent which are basic instructions which should be given to the jury. True, the court did charge on the question of reasonable doubt and as to a person concerned in the commission of a crime, that is, if he directly commits a crime or intentionally aids and abets in the commission of a crime. It can be said from a complete reading of the entire charge that the jury was advised of the union of act and intent from the "four corners" of the charge. These contentions are all without merit.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED JUNE 8, 1976 — DECIDED JUNE 17, 1976.

*G. Hughel Harrison,* for appellant.
*John R. Thompson, Solicitor,* for appellee.