## 54446. PURVIS v. THE STATE.

BIRDSONG, Judge.

The appellant Purvis was convicted at a bench trial of the misdemeanor of making and uttering a bad check in violation of Ga. L. 1968, pp. 1249, 1288; 1975, pp. 482, 483 (Code Ann. § 26-1704). He was sentenced to pay a fine and to serve 12 months, probated upon the payment of $3,135.72 restitution. He appeals the conviction and sentence, enumerating four alleged errors. *Held:*

Though appellant enumerated four errors, they all revolve around whether the state proved that the check in question was presented for a present consideration or was for a past consideration and thus simply a payment on account. If the check was for present consideration, apparently appellant considers the conviction lawful and proper. If, on the other hand, as appellant contends, the check was for a past consideration, he claims he was simply indebted to the complaining witness and though the check admittedly "bounced," appellant maintains that he is merely a debtor and that criminal prosecution is an improper use of the criminal law to enforce a civil debt.

We are severely limited in our consideration of this appeal in that no transcript of the proceedings was prepared. Appellant, the state, and the trial court have agreed upon a skeletal stipulated statement of the facts. We do not know the amount of the check which "bounced" but will assume that it was in the amount of the ordered restitution, i.e., $3,135.72. We are told that the amount of the pre-existing indebtedness to the complaining witness was in excess of $6,000. We also are told that appellant ordered nails from the complaining witness for use by appellant in constructing pallets and that the complaining witness refused to deliver more nails until appellant made a cash payment. We are not told specifically for what purpose the payment was to be made; that is, we do not know whether it was to be a payment on account or a payment for merchandise delivered. This is the problem which arises when cases such as the instant case are appealed without a transcript of evidence. At any rate, there was stipulated evidence that an unknown quantity of nails was delivered to the appellant with

directions to the truck driver that the nails were not to be off-loaded until payment had been made. A check was given to the truck driver, apparently in the amount of $3,152.72. We still do not know whether this was in payment for the value of the shipment of nails or constituted payment for the nails as well as part payment on the past due indebtedness. Appellant offered evidence (by stipulation) that the check was made to cover an invoice that was over three months old at the time of the utterance of the check. The complaining witness admitted that the check was marked for payment of an invoice which was more than 90 days in arrears, but did not state that the check was accepted for that purpose. From the stipulated facts it reasonably appears that the issue as to whether the check was in payment of a past debt, or instead, a present consideration, was presented to the trial court for its consideration and resolution. The trial court resolved the issue against appellant.

Appellant conceded in his brief that the evidence presented two conflicting theories, one that the check was given for payment of an overdue debt, and the other that the check was given for payment of the nails delivered i.e., a present consideration. In essence, however, appellant contends that there was no evidence that the check was in payment for the nails or that the weight of the evidence shows that the check was payment for a past-due debt and not for a present consideration.

The fallacy with appellant's contention is that on appeal our review is restricted to the legal sufficiency of the evidence, not the weight of the evidence. *Strong v. State,* 232 Ga. 294, 298 (206 SE2d 461) (1974). It is our duty on appeal to determine whether the verdict as rendered can be sustained under any reasonable view taken of the proofs submitted. *Powell v. State,* 235 Ga. 208 (219 SE2d 109) (1975); *Ingram v. State,* 204 Ga. 164, 184 (48 SE2d 891) (1948). In making this analysis, this court is bound by the "any evidence" rule and must accept the state's version of the evidence, as apparently was done by the trier of fact in this case, the trial court. *Rhodes v. State,* 239 Ga. 257, 259 (236 SE2d 609) (1977); *Dunn v. State,* 141 Ga. App. 853 (1) (234 SE2d 687) (1977). In this case there is some evidence supporting the finding by the trial court

that the check given in an amount less than the indebtedness due was for a present consideration. Under the authorities previously cited, that is sufficient to support the finding of guilty. See *Childs v. State,* 118 Ga. App. 706, 707 (3) (165 SE2d 577) (1968).

The remaining enumerations of error dealing with the refusal to direct a verdict of acquittal and to grant a motion for a new trial are controlled by the conclusions set forth above, and are, therefore, without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 7, 1977 — DECIDED OCTOBER 7, 1977.

*Kenneth S. McBurnett,* for appellant.
*Billy N. Jones, Solicitor,* for appellee.