## 59621. HARDEMAN v. THE STATE.

BIRDSONG, Judge.
Cheryl Hardeman was convicted of uttering and delivering a worthless check. She was sentenced to serve 12 months probated upon the payment of a fine and making restitution. Hardeman brings this appeal arguing that the facts do not make out the crime charged. *Held:*

We agree with the contention of the appellant and reverse. The facts show that Hardeman caused a friend to deliver her car to a Firestone Tire & Rubber Co. outlet for certain front end alignment. Hardeman picked up her car and made payment for the work by her personal check in the amount of $40.20. Hardeman had noticed that the car pulled sharply to one side and it was this fault that she wished to have corrected. While driving the car home, Hardeman became aware that the fault was still present and that no correction had been accomplished. Hardeman, being dissatisfied with the work, stopped payment on the check. After negotiation with the manager of the Firestone store, Hardeman returned her car for further correction. The manager testified that the store performed all the work demanded but that the problem lay in the separation of the tread of the tires and not in the failure to align the front end or rotation of the tires. It was acknowledged that Hardeman had sufficient funds in the bank to meet the check upon presentment. The manager also acknowledged that Hardeman was not aware at first that the problem was in the tire separation. Hardeman removed the stop order from the check, but when told that she would have to pay for the work as well as buy two more tires, she once again stopped payment. The store manager then swore out the warrant for the bad check, and this prosecution followed.

Code Ann. § 26-1704 (Ga. L. 1975, pp. 482, 483, as amended) makes it illegal to make and utter a check in exchange for a present consideration with knowledge that it will not be honored upon presentment. It is prima facie evidence of such knowledge if at the time the check is uttered the drawer had no account or payment was refused for lack of sufficient funds. See *Brooks v. State,* 146 Ga. App.

626 (247 SE2d 209). The facts of this case indisputably show that at the time the check was written by Hardeman there were sufficient assets in the bank to meet the check on presentment and that the check was not refused payment because of lack of funds. This was shown by the bank statement, testified to by Hardeman and admitted by the creditor. Under such facts, we conclude that the state has failed to prove beyond a reasonable doubt that the check was made and uttered with knowledge that the check would not be paid upon presentment or that when presented, it was dishonored because of lack of funds, essential elements of the crime of making a bad check. See *Tapley v. State,* 106 Ga. App. 215, 216 (126 SE2d 715).

There is no question that Hardeman had the lawful right to stop payment of a check where a bona fide dispute existed as to the propriety of the demand for payment of the proceeds of the check. *Bank of Hamilton v. Williams,* 146 Ga. 96 (1) (90 SE 718). That which a citizen may legally do is not a proper ground for punishment as a crime. *Sowards v. State,* 137 Ga. App. 423, 425 (224 SE2d 85). This case more properly is a matter for resolution between disputing civil litigants. A crime in this state occurs only where there is the union of joint operation of act and intention or omission to act and criminal negligence. Code Ann. § 26-601. While it is true that one stopping payment on a check after obtaining a benefit thereunder and with intent to defraud might be guilty of cheating and swindling, that same conduct does not establish the uttering of a bad check. *Downs v. State,* 99 Ga. App. 43, 44 (107 SE2d 569). The state in this case failed to make out the crime charged. Accordingly, the trial court erred in denying Hardeman's motion for directed verdict of acquittal.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED MARCH 6, 1980 — DECIDED APRIL 16, 1980.

*Charles A. Mathis, Jr.,* for appellant.

*Clarence H. Clay, Jr., Solicitor, J. Robert Sikes, Assistant Solicitor,* for appellee.