## 59153. PITTMAN v. THE STATE.

McMurray, Presiding Judge.

By accusation, defendant was charged with a misdemeanor in making, drawing, uttering, and delivering a bad check in exchange for present consideration, a "down payment on a boat," knowing that the said check would not be honored by the drawee. The trial court, without the intervention of a jury, found defendant guilty and sentenced him to pay a fine of $252 and to serve a term of 12 months, the confinement to be suspended and the defendant allowed to serve same under probation if within 60 days from the date of the sentence the defendant made restitution on the subject check in the amount of $2,495 to the prosecutor (boat dealer). A motion for new trial was filed and denied, and defendant appeals. *Held:*

The admitted facts were that the defendant purchased a boat and trailer from the prosecutor, paying for the boat and trailer with a check which was subsequently dishonored by his bank. Upon being informed by the prosecutor that the check had failed to clear, defendant's wife delivered a second check to pay for the boat. This check was also dishonored. Immediately the prosecutor asked the defendant to enter a financing agreement for the boat and trailer to which the defendant voluntarily complied by issuing a third check as a "Down payment on Boat." The instant prosecution arises out of the dishonoring of the third check.

A person commits criminal issuance of a bad check when he makes, draws, utters, or delivers a check for the payment of money on any bank in exchange for a present consideration knowing that it will not be honored by the drawee. Further, it is prima facie evidence that the defendant knew that the instrument would not be honored if he had no account with the drawee at the time the instrument was made, drawn, uttered or delivered. See Code Ann. § 26-1704 (Ga. L. 1968, pp. 1249, 1288; 1975, pp. 482, 483; 1977, pp. 1266-1268; 1978, p. 2020). The returned check contained the language "returned unpaid account closed."

The defense here is that the seller knew the check was not good, having already substituted two other no-good checks for this one, and same was not given for the merchandise; and that this was a payment on the debt and not for a present consideration. However,

the seller's testimony was that while he had originally, on or about July 4, 1978, given over possession of the merchandise (a boat), but not the title thereto, it was back in his (seller's) possession when the defendant issued the bad check in question as "down payment on a boat" and executed the loan arrangement as to the balance due on the boat.

Clearly there was evidence supporting the finding by the trial court that the check was given for a present consideration. The trier of fact, as the reasonable man or jury, was authorized to infer from the state's evidence that it was the defendant's purpose to cheat and defraud the seller and to cause him to suffer loss resulting from his reliance on the defendant's wrongful act as charged in the accusation by giving him a bad check as a "down payment on a boat." The evidence was sufficient to support the finding of the court. *Wiggins v. State,* 139 Ga. App. 98, 99 (1) (227 SE2d 895); *Purvis v. State,* 143 Ga. App. 447, 449 (238 SE2d 575); *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Moore v. State,* 240 Ga. 807, 811 (II (1)) (243 SE2d 1).

After a careful review of the trial transcript and record we find and so hold that a rational trier of fact (the court, without the intervention of a jury, in the case sub judice) could easily have found the defendant guilty beyond a reasonable doubt of criminal issuance of a bad check, for a present consideration, even though the defendant had shown evidence which, if believed by the fact finder, would have authorized a finding to the contrary. *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916).

*Judgment affirmed. Deen, C. J., Quillian, P. J., Shulman and Birdsong, JJ., concur. Carley, J., concurs in the judgment only. Smith, Banke and Sognier, JJ., dissent.*

SUBMITTED JANUARY 16, 1980 — DECIDED
MAY 20, 1980.

W. L. Salter, Jr., for appellant.
*Malcolm F. Bryant, Jr., Solicitor,* for appellee.

SMITH, Judge, dissenting.

The majority opinion states: "Clearly there was evidence supporting the finding by the trial court that the check was given for a present consideration." I believe the record in this case contains no such evidence. Clearly, the check was given for an outstanding debt. I, therefore, respectfully dissent.

Although the majority opinion states that the "trier of fact . . . was authorized to infer from the state's evidence that it was the defendant's purpose to cheat and defraud the seller and then cause

him to suffer loss resulting from his reliance on the defendant's wrongful act as charged in the accusation by giving him a bad check as a 'down payment on a boat,' " nowhere does it specify what assertedly constitutes "present consideration." Perhaps this is because none exists.

"To constitute *consideration,* a performance or a returned promise *must be bargained for.* " (Emphasis supplied.) Restatement (Second) of Contracts (Tent. Draft) 149, § 75. I believe this basic principal of contract law is no less applicable to a criminal prosecution under Code § 26-1704 than a contract dispute. The use of the term "present" consideration in Code § 26-1704 should make it abundantly clear that a bargained for exchange is an essential element of the offense of criminal issuance of a bad check.

There is not one shred of evidence in the record to support the view that the *third* check (upon which the instant prosecution is based) was issued *in exchange for* a promise or performance. Indeed, the evidence suggests the contrary. Shortly after the second check was returned, appellant voluntarily brought the boat back to the seller for minor repairs. The seller himself testified that he retained possession of the boat solely for the purpose of completing the requested repairs. His testimony suggests that he had an ongoing business relationship with appellant and that appellant was indebted to him on an open account.

The majority cites four cases in support of its conclusion that the evidence was sufficient to support the trial court's finding. Two of these cases, *Wiggins v. State,* 139 Ga. App. 98 (227 SE2d 895) (1976) and *Purvis v. State,* 143 Ga. App. 447 (238 SE2d 575) (1977), concern convictions for criminal issuance of bad checks.

The principal question at issue in *Wiggins* was "whether the defendant knew the check would not be honored by the drawee bank at the time it was written." Id at 99. *Wiggins* does not provide any guidance on the principal question in the instant case, i.e., whether appellant issued the third check "in exchange for a present consideration."

In *Purvis,* this court found there was sufficient evidence of "present consideration" to support the verdict. However, unlike the case at bar, the evidence in *Purvis* "presented two conflicting theories, one that the check was given for payment of an overdue debt, and the other that the check was given for payment of the [merchandise] delivered i.e., a present consideration." Id. at 448. This court found the latter theory supported by "some evidence" and affirmed the conviction.

The majority believes a similar problem exists in the instant case, that "the defendant had shown evidence which, if believed by

the fact finder, would have authorized a finding to the contrary." I do not believe such a credibility question is raised here. Both appellant and the state agree that the third check was issued as a "down payment on a boat" that appellant had previously "purchased." The issue presented in this case, quite unlike the issue presented in *Purvis,* is whether the term "present consideration" encompasses payment for property that has previously been "purchased." I believe not. See *Brooks v. State,* 146 Ga. App. 626 (247 SE2d 209) (1978). In my view, such payment constitutes payment on a debt.

I do not question the majority's belief that appellant has acted wrongfully. Indeed, appellant may well have acted in violation of Code § 26-1704 when he issued the first check and thereby obtained possession of the boat. However, our function in this appeal is to determine whether the evidence supports the conviction *for the offense charged.* I believe the state has failed to prove that the third check was issued in exchange for a "present consideration." I therefore respectfully dissent.

I am authorized to state that Judge Banke and Judge Sognier join in this dissent.

BANKE, Judge dissenting.

I respectfully submit that the majority has apparently overlooked the seemingly minor but most important point in the entire case. The purchaser had never parted with possession of the boat since he purchased it. The seller only had the boat in for repair when the third check was given, thus clearly making it a payment on a debt.

I dissent and also join Judge Smith in his dissent. I am authorized to state that Judge Sognier joins me in this dissent.