## 59955. LATTY v. THE STATE.

SHULMAN, Judge.

Defendant appeals his conviction of the offense of obstructing an officer. Code Ann. § 26-2505. For the reason set forth in Division 2, we reverse.

1. Appellant contends that the trial court erred in refusing his oral request to charge on public drunkenness (Code Ann. § 26-2607), for which offense police officers were attempting to arrest defendant when he allegedly engaged in the act of obstruction. Since defendant made no written request for such charge, and since the unlawfulness of the police officers' discharge of their duties was not defendant's sole defense (he also contended that he did not swing or strike at the officers but that they tackled him), we find no error in the court's failure to charge Code Ann. § 26-2607. See, e.g., *Norman v. State,* 121 Ga. App. 753 (175 SE2d 119).

2. However, we must agree that the trial court erred in refusing to allow defense counsel to read to the jury from Code Ann. § 26-2607.

"[D]uring his argument in a criminal case, counsel may read, either to the court or to the jury, the law he thinks applicable to his client's case . . ." *Weatherby v. State,* 213 Ga. 188, 193 (97 SE2d 698); *Goodrum v. State,* 240 Ga. 678 (3) (242 SE2d 158); *Wiggins v. State,* 139 Ga. App. 98 (3) (227 SE2d 895); Code Ann. § 24-3319 (Rule 19). Defendant presented the defense at trial that he was not publicly drunk and that, therefore, the officers were not engaged in the lawful discharge of their duties when defendant allegedly swung or struck at the officers. Since the law on public drunkenness was applicable to the defense of his case, the trial court erred in not permitting defense counsel to read to the jury the Code section defining public drunkenness. See *Weatherby,* supra. The judgment of the trial court, therefore, must be reversed.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED MAY 13, 1980 — DECIDED MAY 28, 1980.

*Hulon Murray,* for appellant.
*Howard Oliver, Jr., Solicitor,* for appellee.