## 60807. JONES v. THE STATE.

DEEN, Presiding Judge.

Johnny Jones appeals from his conviction of voluntary manslaughter.

1. Appellant first contends that the trial court erred in denying him the right to cross-examine the state's witnesses about prior inconsistent statements made at the preliminary hearing with a certified copy of the transcript of that hearing.

Alvenia Renee Smith testified on direct examination that she had talked briefly to the defendant at a party about two days prior to the shooting. On cross-examination, defense counsel attempted to show that Ms. Smith did not make such a statement at the preliminary hearing and apparently attempted to read Ms. Smith's

entire prior testimony. The trial court refused to allow this method of impeachment and no objection was made to this ruling. Therefore, nothing is preserved for this court for consideration on appeal. *Wiggins v. State,* 139 Ga. App. 98 (227 SE2d 895) (1976).

Counsel also attempted to cross-examine Sharon Smith about her testimony at the preliminary hearing and counsel asked, "Would you like to see your answer?" The state objected and the court ruled that the transcript was not in evidence. Counsel then attempted to introduce the transcript by stating, "This is the testimony of the preliminary hearing that I am cross-examining from." Upon objection, the court held, "That is not the way to introduce the record. You can't make a statement that this is a record." As no objection was made to the court's ruling that a proper tender had not been made, nothing has been preserved for appeal. *Wiggins,* supra.

Appellant also complains that he was not allowed to cross-examine Henry Wheeler about a statement he made at the preliminary hearing as to whether or not he had seen the deceased strike Alvenia Smith. The record, however, clearly shows that appellant used the preliminary hearing transcript to cross-examine the witness on this point. As to counsel's attempt to cross-examine Wheeler on his prior testimony about the order in which certain individuals left the house and the trial court's ruling sustaining the state's objection, defense counsel once again did not raise an objection.

Appellant further contends that later in the trial the preliminary hearing transcript was not allowed to be introduced into evidence. An examination of the trial transcript shows that counsel stated she was not trying to enter the preliminary hearing transcript into evidence except for impeachment purposes and the court allowed it to be admitted and stated, "I will show on the back, admitted by the court." Counsel then thanked the court. Clearly, this enumeration is without merit.

2. The trial court did not deny appellant the right to recall and recross-examine the state's witnesses, Alvenia Smith and her sister, Sharon. Although appellant did not reserve the right to recall these witnesses, the record clearly shows that appellant was permitted to recall them. This enumeration is also without merit.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED OCTOBER 1, 1980 — DECIDED
JANUARY 6, 1981.

*Pamela D. Hayes, Katrina L. Breeding,* for appellant.

*Randall Peek, District Attorney,* for appellee.