## 61721. BOWERS v. THE STATE.

BIRDSONG, Judge.

Worthless check. Paul W. Bowers, a building contractor, entered into an agreement with one Reynolds whereby Reynolds would lay carpet in two houses that Bowers was building for resale. Reynolds laid carpet in the two houses completing the work sometime in May, 1974. Reynolds prepared a bill for services rendered indicating that the cost of carpet in one house was $3,000 and in the other the cost was $2,600. Thus the total bill was $5,600 but each job was separately billed. Reynolds testified that he gave his debtors as many as 30 days before he billed them for material and services furnished. In this case, Reynolds presented his bill for the $3,000 job in August, 1974. Reynolds testified that Bowers came to Reynolds' place of business in Martinez and presented the check in payment for the $3,000 contract. On cross examination Reynolds related that he had done business with Bowers for at least 15 years and had often gone to Bowers' place of business to accept payment. Reynolds could not positively deny that he had not received the check in this case in Augusta, Georgia (Bowers' place of business), but his recollection was that Bowers had made payment in Martinez.

Reynolds deposited Bowers' check and proceeded to write his own checks in payment to his (Reynolds') work crew. Bowers' check was returned marked "Account Closed." Reynolds further testified that Bowers did not have a charge account but that, as with all his customers, each job was separately billed after completion of the work and was due upon billing.

Bowers presented evidence that he had an open account with Reynolds and that the billing in August, 1974 was for an account past due, that is for an already existing indebtedness. Moreover, Bowers submitted evidence that indicated that the check in question was issued in Augusta and was dishonored in Augusta. The trial court submitted to the jury the questions as to where the check was issued and whether the check was issued for a present consideration or only as a payment on a preexisting debt. The jury resolved these issues against Bowers and returned a verdict of guilty. Bowers was sentenced to 12 months probated upon the making of restitution to Reynolds of the $3,000. Bowers brings this appeal enumerating the denial of his motion for new trial (not denied until December, 1980 following trial and conviction in October, 1975). He enumerates as error the finding of guilt in face of evidence that the check was issued for a past consideration; that at the time it was issued Reynolds was on notice that the check was not good and knew that he (Reynolds) was to hold it until Bowers told Reynolds that there was sufficient money in the bank to cover it; and lastly that the crime, if any, was committed in Richmond County rather than in Columbia County, the county where venue was exercised. *Held:*

1. As to the questions of whether the check in question was issued for a present or a past consideration, and whether it was issued in Columbia or Richmond County was a factual issue. Likewise, the question whether Reynolds was informed by Bowers that there were insufficient funds in the bank to meet the check upon presentment was a question of fact. Bowers presented evidence that he specifically told Reynolds this fact. Reynolds denied any conversation with Bowers as to this particular check and testified that the check was issued by Bowers and accepted by Reynolds without any limitation. We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal, this court is bound to construe the evidence with every inference and presumption being in favor of upholding the verdict. *Mills v. State,* 137 Ga. App. 305, 306 (223 SE2d 498); *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146). Where the testimony of the state and that of the defendant is in conflict, the jury is the final arbiter (*Sims v. State,* 137 Ga. App. 264 (233 SE2d 468); *Crews v. State,* 133 Ga. App. 764 (213 SE2d 34)), and after the verdict is approved by the trial court, the evidence will be construed so as to

uphold the verdict even where there are discrepancies. *Cotton v. John W. Eshelman & Sons,* 137 Ga. App. 360, 365 (223 SE2d 757). We have carefully examined the evidence and conclude that any rational trier of fact reasonably would have found the essential elements of the crime charged established by competent evidence beyond a reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528). These enumerations lack merit.

2. Appellant argues that because the carpet was actually laid in May, the debt became fixed at that time. Thus he contended that when the bill was presented in August the check was issued for a past consideration. Reynolds presented evidence however that the bill of August was the first presentment to Bowers for payment of the services rendered and materials furnished in May. Thus, the evidence clearly supports the jury's conclusion that the check was presented for a present consideration. *Pittman v. State,* 154 Ga. App. 691 (269 SE2d 522). At trial, appellant conceded, and properly so, that delayed demand for salary or wages due (the same as for services rendered) till after the services performed had been completed did not change the delayed payment for those services to one for a past consideration. See *Purvis v. State,* 143 Ga. App. 447 (238 SE2d 575). This contention likewise lacks merit.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED JUNE 29, 1981 —
REHEARING DENIED JULY 13, 1981

*Patrick J. Rice, David B. Bell,* for appellant.
*Sam B. Sibley, Jr., District Attorney, William H. Lumpkin, Charles H. Sheppard, Assistant District Attorneys,* for appellee.