A93A0532. FORTIER v. JORDAN'S JEWELERS, INC.
(430 SE2d 829)

McMURRAY, Presiding Judge.

Robert Fortier (plaintiff) brought an action against Jordan's Jeweler's, Inc. (defendant) for malicious prosecution, alleging that defendant spitefully caused a criminal warrant to issue for his arrest (charging plaintiff with theft of services); that he was arrested, jailed and required to post a $600 bond as a result of the unfounded warrant and that the warrant was subsequently dismissed for want of prosecution. Defendant denied the material allegations of the complaint and counterclaimed for $100 and punitive damages, alleging plaintiff stopped payment on a check made out to "Jordan's Jewelers" for $100 "within twenty-four (24) hours after receiving services." Defendant filed a motion for summary judgment and evidentiary material showing that it complied with provisions of OCGA § 16-9-20 (h) (1), providing immunity from civil liability for any party initiating a prosecution under OCGA § 16-9-20.

Plaintiff filed his affidavit in opposition and deposed, in pertinent part, as follows: "I visited Jordan's Jewelers on or about June 29, 1991 to have a watch serviced, and prepaid with my Check No. 1080 for $37.50. . . . I returned on July 16, 1991 to pick up the watch and was informed there was an additional charge of $100.00. I had not authorized the additional charge, but gave Jordan's Jewelers my Check No. 1091 for $100 in order to recover the watch. After leaving the store, I noticed there were dents in the case that were not there when I took the watch in for repairs. I also believed the dial had been replaced, and I had not authorized this. . . . Because of these disputes concerning the extent of the repairs and the amount of the charges, I stopped

payment on my Check No. 1091 on July 16, 1991. . . . At all times during July 1991, I had sufficient funds in my checking account to cover the check. . . ."

The trial court granted defendant's motion for summary judgment. This appeal followed. *Held*:

1. OCGA § 16-9-20 (h) (1) provides immunity from prosecution to any person causing a warrant to issue against another for the offense of criminal issuance of a bad check. In the case sub judice, defendant caused a warrant to issue against plaintiff for theft of services, not criminal issuance of a bad check. Although defendant based the accusation that plaintiff committed the offense of theft of services on evidence that plaintiff stopped payment on a check after receiving services from defendant, stopping payment on a check does not constitute the crime of uttering a bad check. *Hardeman v. State*, 154 Ga. App. 364, 365 (268 SE2d 415). Consequently, the statutory immunity from civil liability provided for in OCGA § 16-9-20 (h) (1) is not available as a defense to the allegation that defendant maliciously prosecuted plaintiff for theft of services.

2. "On summary judgment, movant has the burden of showing the nonexistence of any material fact and that he is entitled to a judgment as a matter of law." *Sunamerica Financial v. 260 Peachtree Street*, 202 Ga. App. 790, 793 (2a) (415 SE2d 677). In the case sub judice, defendant failed to rebut plaintiff's allegation that defendant maliciously caused a warrant to issue for plaintiff's arrest. Consequently, the trial court erred in granting defendant's motion for summary judgment.

*Judgment reversed. Beasley, P. J., and Cooper, J., concur.*

DECIDED APRIL 6, 1993 —
RECONSIDERATION DENIED APRIL 22, 1993 

*R. Glen Galbaugh*, for appellant.
*Fred J. Stokes*, for appellee.